[Civ. No. 8146.   First Appellate District, Division Two.—January 27, 1932.]

H. M. DRISCOLL, Respondent, v. MARY A. VARIAN et al., Appellants.

J. Allen Frankel, A. V. Kaufman and Sidney A. Wilson for Appellants.

George K. Ford and Loyd Wright for Respondent.

NOURSE, P. J.—Plaintiff sued as assignee of a claim for legal services. The case was tried without a jury and plaintiff had judgment for $8,000 with interest amounting to $3,073.33. On hearing of defendants' motion for a new trial the judgment was modified by striking out the item

of interest. The defendants appeal upon a bill of exceptions.

Plaintiff's assignors performed legal services in connection with the settlement of the estate of Sabina A. Lanon, deceased, whereby there was distributed to the three defendants here sued the sum of $54,000. Prior to the proceedings for the settlement of the estate these defendants assigned to one Cox one-third of their interest in the estate upon his agreement that he would pay all expenses involved in the proceedings. A contest arose with one who claimed to be sole heir which brought about a long delay in the settlement of the estate. Upon settlement the portion assigned to Cox was distributed directly to him. Pending the settlement these defendants, who were all residents of the state of New York, gave their power of attorney to the North Avenue Bank of New Rochelle, New York, and this bank recognized plaintiff's assignors as attorneys for the three defendants and sanctioned their appearance as the sole attorneys for the defendants in said proceedings. The reasonable value of the services was admitted at the time of the trial, and the only real issue was whether plaintiff's assignors were in fact authorized and permitted to appear for defendants in the probate proceedings.

Upon the evidence before it the trial court found that the services were rendered at the special instance and request of the defendants and gave judgment accordingly. On this appeal the only real point raised is that this finding is not supported by the evidence. However, the evidence found in the bill of exceptions shows unmistakably that defendants knew at all times, that plaintiff's assignors were appearing in the probate proceedings in their behalf; that they relied solely upon those attorneys to represent them in said proceedings, and that they accepted the benefits of such services. The only real conflict in the evidence on this issue is whether the defendants intended that they would pay for said services or whether such payment would be made by Cox out of the share of the estate which they assigned to him. It may be reasonably inferred that the latter was the case, but at most this presents a conflict in the evidence which the trial court was called upon to determine, and as we find sufficient evidence to support an inference favorable to the finding, that closes the inquiry.

Appellants then complain of the action of the trial court in ordering a reduction of the verdict to eliminate the item of interest accruing prior to judgment. It is their contention that because the amount due was uncertain and interest prior to judgment was therefore improper the trial court should have let the incorrect judgment stand in order that the appellants might appeal to this court and ask for a reversal upon that ground. They concede, however, that if such action had been taken this court could have reduced the judgment in the same manner as was done by the trial court. Inasmuch as the order of the trial court reducing the judgment in this amount was altogether in favor of the appellants it does not present any sound reason for a reversal of the judgment at this time. (*Machado* v. *Machado,* 36 Cal. App. 646, 649 [172 Pac. 1124].)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.